**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **CARLA CANNON,** )<br> )<br>Plaintiffs, )<br> )<br>vs. )<br> )<br>**SSM HEALTH CARE,** )<br> )<br>Defendant. )<br> )<br> ) | Cause No.: 4:14-CV-848 |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
COUNTS V, VI, AND VII OF PLAINTIFF'S PETITION**

Plaintiff, a former at-will employee of St. Joseph Health Center (improperly named in Plaintiff's Petition as SSM Health Care) has filed a lawsuit alleging seven causes of action in her Petition, including: (1) interference of her rights under the Family and Medical Leave Act ("FMLA"); (2) retaliation in violation of the FMLA; (3) violation of the Americans with Disabilities Act ("ADA"); (4) disability discrimination in violation of the MHRA; (5) wrongful termination in violation of public policy; (6) violation of the Missouri Service Letter Statute, RSMO §290.140; and (7) defamation.  *See* Petition.  As set forth below, the facts alleged in Plaintiff's Petition do not support a wrongful termination claim, violation of the Missouri Service Letter Statute, or claim for defamation.  Thus, Counts V, VI, and VII of Plaintiff's Petition should be dismissed for failure to state a claim upon which relief may be granted.

**STANDARD OF LAW**

A motion to dismiss under Rule 12(b)(6) challenges is directed at the sufficiency of a Petition in stating a claim upon which relief may be granted.  FED. R. CIV. P. 12(b)(6).  Although all well pleaded facts must be accepted as true and all reasonable inferences must be drawn in

favor of the non-moving party, the Petition must nevertheless state either direct or inferential allegations concerning all material elements necessary for recovery under the chosen legal theory in order to survive a Rule 12(b)(6) motion to dismiss. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007). "[D]etailed factual allegations" are not necessary, but a plaintiff must nevertheless plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do." *Id.* at 547. *See also Gregory v. Dillard's*, 494 F.3d 694, 710 (8th Cir. 2007) (judgment vacated on other grounds). A Petition must allege "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570.[1] *See also Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992), *cert. denied*, 506 U.S. 893 (1992) (holding that a plaintiff must allege sufficient facts to set forth the essential elements of his cause of action).

The *Iqbal* Court explained further that the requirement that a "court must accept as true all of the allegations contained in a Petition is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. 678. Accordingly, the Eighth Circuit Court of Appeals subsequently held that a "Petition must include sufficient factual allegations to provide the grounds on which the claim rests," and a plaintiff <u>must provide sufficient factual allegations for *each* element of its claims</u>. *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir. 2009).

As set forth in more detail below, Plaintiff's Counts V, VI, and VII fall short of this standard and it should be dismissed.

---

[1] In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified that this heightened pleading standard applies to all civil cases.

2

**ARGUMENT**

A.   **PLAINTIFF'S COUNT V FOR WRONGFUL TERMINATION FAILS AS A MATTER OF LAW**

Plaintiff does not allege that she had employment contracts with Defendant, an omission leading to the indisputable conclusion that she was at-will employee. The general rule in Missouri is that at-will employees may be terminated for any reason or no reason. *Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661, 663 (Mo. banc 1988). However, Missouri courts have recognized a "narrow public policy exception" to the at-will-employment doctrine. *Trapp v. Von Hoffman Press, Inc.*, 2002 WL 1969650, *2-3 (W.D. Mo. 2002). *See also Margiotta v. Christian Hosp. Ne. Nw.,* 315 S.W.3d 342, 345 (Mo. banc 2010). The Eighth Circuit acknowledged that "this public policy exception, otherwise known as 'the wrongful discharge doctrine, is very narrowly drawn.'" *Frevert v. Ford Motor Co.*, 614 F.3d 466, 470 (8th Cir. 2010) (*quoting Margiotta*, 315 S.W.3d at 346). Missouri courts have articulated this "narrow" doctrine as follows:

> "Where an employer has discharged an at-will employee [(1)] because that employee refused to violate the law or any well established and clear mandate of public policy as expressed in the constitution, statutes and regulations promulgated pursuant to statute, or [(2)] because the employee reported to his superiors or to public authorities serious misconduct that constitutes violations of the law and of such well-established and clearly mandated public policy, the employee has a cause of action in tort for damages for wrongful discharge."

*Frevert*, 614 F.3d at 471 (*quoting Fleshner v. Pepose Vision Institute, P.C.*, 304 S.W.3d 81, 91 (Mo. banc 2010)).

Plaintiff has not alleged that she refused to violate the law or any mandate of public policy, nor that she reported wrongdoing or violations of the law to superiors of public authorities. *See* Petition. In fact, Plaintiff's Petition does not even recognize that her claim must

3

be delineated under one of the above-mentioned categories.  Plaintiff's claim is the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" contemplated by the Supreme Court in *Iqbal*.  *See Iqbal*, 556 U.S. at 678.  Simply stated, the Petition does not set forth the legal elements of a wrongful discharge claim under Missouri law, nor does it include facts that would support such a claim.

Instead, Plaintiff merely alleges that she was terminated by Defendant "for having a disability for which she sought and was approved for medical leave" and "[s]aid termination violated Missouri Public Policy."  *See* Petition.  These facts do not give rise to a claim for wrongful discharge.  Plaintiff has essentially re-alleged her claims for disability discrimination and violation of her FMLA rights.  In doing so, Plaintiff is seeking two recoveries for the same alleged injury.  Such pleading is not allowed under Missouri law.

Where a statutory remedy exists, Missouri courts do not recognize a separate claim for wrongful discharge in violation of public policy for the same allegedly unlawful conduct. *Kramer v. St. Louis Reg'l Health Care Corp.*, 758 F. Supp. 1317, 1318-19 (E.D. Mo. 1991). "The rationale behind the public policy exception is the vindication or the protection of certain strong policies of the community; and if these policies or goals are presented by other remedies, then the public policy is sufficiently served."  *Osborn v. Prof'l Serv. Indus., Inc.*, 872 F. Supp. 679, 681 (W.D. Mo. 1994). Thus, Plaintiff's Count V is preempted by the MHRA, ADA, and FMLA and is not a recognizable claim under Missouri law.  *See Jackson v. Windsor Republic Doors*, No. 05-3254-CV-5-DW, 2007 U.S. Dist. LEXIS 20977, at *10-11 (W.D. Mo. Mar. 23, 2007) (granting judgment for employer on public policy claim because the MHRA and Title VII preempt claims for wrongful discharge based on violation of public policy); *Kramer*, 758 F. Supp. at 1318-19 (dismissing plaintiff's wrongful discharge claim, because it was duplicative of

4

MHRA claim, calling public policy claim "duplicative and unwarranted"); *Osborn*, 872 F. Supp. at 681-82 (holding that MHRA preempted wrongful discharge claim, where employee was terminated on basis of a protected category).

Plaintiff has not, and cannot, state a claim for wrongful termination in violation of Missouri public policy. Because the Petition does not even set forth the legal elements of a wrongful discharge claim under Missouri law, nor does it include facts that would support such a claim, Count V should be dismissed as a matter of law.

**B.     PLAINTIFF'S COUNT VI UNDER RSMO § 290.140 FAILS AS A MATTER OF LAW**

Likewise, Plaintiff's claim under Missouri's service letter statute, RSMO § 290.140 should also be dismissed. The law specifically provides that:

> Whenever any *employee* of any corporation doing business in this state and which employs seven or more employees, who shall have been in the service of said corporation for a period of at least ninety days, shall be discharged or voluntarily quit the service of such corporation and who thereafter within a reasonable period of time, but not later than one year following the date the employee was discharged or voluntarily quit, requests in writing by certified mail to the superintendent, manager or registered agent of said corporation, with specific reference to the statute, it shall be the duty of the superintendent or manager of said corporation to issue to such employee, within forty-five days after the receipt of such request, a letter, duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee was discharged or voluntarily quit such service.

RSMO § 290.140.

The service letter request alleged by Plaintiff in Paragraph 40 of her Petition (and included as Exhibit B to the Petition) was not a request made by an *employee*. Rather, it was a request made by an employee's attorney. As such, the letter does not comply with statutory requirements that must be satisfied to invoke the law. The Eighth Circuit addressed this exact issue in *Zeman v. V.F. Factory Outlet, Inc.*, 911 F.2d 107, 108 (8th

5

Cir. 1990).  The court held that "because of the penal nature of the Missouri service letter statute and the Missouri Supreme Court's strict construction," that a letter signed only by an attorney and not the employee is not a valid service letter request.  *Id.*  Plaintiff's purported "service letter" presented here did not comport with the service letter statute for the same reason.  Thus, Plaintiff's claim in Count VI of her Petition, must be dismissed as a matter of law.

C.   **PLAINTIFF'S COUNT VII FOR DEFAMATION FAILS AS A MATTER OF LAW**

Plaintiff's claim for defamation is nothing more than a mere recitation of legal elements without any facts to support her claim.  As explained above, the Supreme Court's *Iqbal* ruling explicitly provides the requirement that a "court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Iqbal*, 556 U.S. 678.

Here, Plaintiff's defamation allegations are completely void of any factual support.  Plaintiff alleges "upon information and belief" that Defendant made false, derogatory statements to prospective employers.  Yet, there are no facts detailing what was said, who made the statements, when the statements were made, and who the statements were made to.  Rather, Plaintiff cites only the legal elements of a defamation claim based "upon information and belief" without mention of a single fact to sustain her claim.  This is exact type of pleading that the *Twombly* and *Iqbal* courts determined as insufficient.  The rule of law on this matter is clear – "a complaint [does not] suffice if it tenders naked assertion[s] devoid of further factual enhancement."  *Iqbal*, 556 U.S. 678

6

(internal citations omitted). Consequently, Plaintiff's claim in Count VII of her Petition, must be dismissed as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Count V, VI, and VII in its entirety and grant all other and further relief the Court deems just and equitable.

                Respectfully submitted,

                /s/ Kimberly A. Yates
                Kimberly A. Yates #49879MO
                Latieke M. Lyles #60981MO
                LITTLER MENDELSON, P.C.
                One Metropolitan Square
                211 North Broadway, Suite 1500
                St. Louis, MO  63102
                Telephone: 314.659.2000
                Facsimile: 314.659.2099
                kyates@littler.com
                llyles@littler.com

                Attorneys for Defendant SSM Health Care

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on this 9th day of May, 2014 upon the following:  Ms. Erika Wentzel, 820 South Main Street, Suite 200, St. Charles, MO 63301.

                /s/ Kimberly A. Yates

Firmwide:126849327.4 079538.1002