IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Carla Cannon, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No:  4:14-CV-848 |
| SSM Health Care, | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

**MOTION TO REMAND WITH INCORPORATED
MEMORANDUM OF LAW IN SUPPORT AND ORDER TO REMAND**

COMES NOW, Plaintiff, Carla Cannon ("Plaintiff"), by and through undersigned counsel, hereby files this Motion To Remand pursuant to 28 U.S.C. § 1447 in response to Defendant's ("Defendant") Notice of Removal and as grounds states:

1. On or about March 19, 2014, Plaintiff filed a petition ("Petition") for violation of numerous rights, including the Family Medical Leave Act, Americans with Disabilities Act, Human Rights Act, public policy, RSMO §290.140, and defamation against Defendant in the Eleventh Judicial Circuit, St. Charles County, Missouri, captioned *Carla Cannon v. SSM Health Care*, Case No. 1411-CC00264.  Defendant was served with the Petition on April 2, 2014.

2. In its Petition, Plaintiff prays that the court award Plaintiff nominal damages, statutory damages, lost benefits, front pay, back pay from the time of discharge until the resolution of this action, injunctive relief, reasonable attorneys fees and costs, pre and post judgment

interest, and punitive damages in an amount that will deter Defendant from such future conduct.

3. On May 2, 2014, Defendant filed a Notice of Removal based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331 with regard to Counts I, II and III of Plaintiff's Petition, claiming that this Court possesses original jurisdiction over said claims.

4. Defendant further claims the this Court possesses supplemental jurisdiction in accordance with 28 U.S.C. § 1367(a), regarding counts IV, V, VI and VII of Plaintiff's Petition.

5. Defendant's Notice of Removal states that they have fulfilled all requirements, allowing it to remove the Petition to this Court.

6. Pursuant to Local Rule 2.03 of the Local Rules of the United States District Court for the Eastern District of Missouri, "A party commencing a civil case with a notice of removal shall… (5) comply with Local Rule 2.02"

7. Local Rule 2.02 of the Local Rules of the United States District Court for the Eastern District of Missouri requires that a Disclosure of Corporate Interests Certificate be filed with the initial complaint or other documents commencing a civil case.

8. Additionally, Pursuant to Rule 2.09 of the Local Rules of the United States District Court for the Eastern District of Missouri and Rule 7.1 of the Federal Rules of Civil Procedure, a Disclosure of Corporation Interests "shall be filed with the party's first pleading or entry of appearance."

9. Defendant failed to comply with these rules because Defendant filed its Disclosure of Corporation Interests, a requirement to properly file a timely notice of removal, on May 13, 2014 after its first pleading or entry of appearance on May 2, 2014, the final day for a timely notice of removal.

10. Defendant's failure to follow local and federal rules makes its removal untimely.

11. This Motion to Remand is filed with this Court within thirty (30) days of receipt of the Notice of Removal as required by 28 U.S.C. § 1447.

WHEREFORE, Plaintiff prays that this Court grant Plaintiff's Motion to Remand and remand the cause to the Eleventh Judicial Circuit of the Court of Missouri and for other such relief as the Court believes is just and equitable .

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

Plaintiff, Carla Cannon, by and through her attorney, hereby moves this Court, pursuant to 28 U.S.C. § 1447(c), for an order remanding this case to the Eleventh Judicial Circuit Court of the State of Missouri. In support thereof, Plaintiff states the following:

### SUMMARY OF ARGUMENT

This case should be remanded to Missouri State Court because Defendant SSM Health Care St. Louis ("Defendant") failed to timely make a disclosure of corporation interests pursuant to Rule 2.03 and Rule 2.09 of the Local Rules of the United States District Court for the Eastern District of Missouri and Rule 7.1 of the Federal Rules of Civil Procedure. This disclosure should have been made within the 30 day time limit imposed by 28 U.S.C. § 1446(b)(1), but it was not. Removal requires compliance with court and federal rules for removal to be proper. Defendant failed to meet this Court's and the federal rules' requirements for removal.

Therefore, this case should be remanded back to Missouri State Court.

### FACTS

1.      Plaintiff's Petition was filed on March 19, 2014, and the case was assigned number 1411-CC-00264. The Petition and Summons were served on SSM on April 2, 2014.

2.      Defendants removed this matter on May 2, 2014 based upon federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1446 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Defendants did not make a disclosure of corporation interests until May 13, 2014.

### BURDEN OF PROOF

On a motion to remand, the removing party has the burden of proving that removal was proper and the federal court has jurisdiction. *State ex rel. Webster v. Best Buy Co., Inc.*, 715 F. Supp. 1455, 1456 (E.D. Mo. 1989). To meet this burden, a defendant must overcome a "strong presumption" against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." *Arnold v. First Greensboro Home Equity Inc.*, 327 F.Supp.2d 1022, 1025 (E.D. Mo. 2004); *See also Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). There is a presumption in favor of remand. *City of University City v. AT&T Wireless Services, Inc., et al.*, 229 F. Supp.2d 927 933 (E.D. Mo. 2002). Further, any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *State of Mo. ex rel. Webster v. Freedom Financial Corp.*, 727 F. Supp. 1313, 1315 (W.D. Mo., 1989) *citing Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100

(1941). The removing party bears the burden of showing that all prerequisites to jurisdiction are satisfied. *Dorsey v. Sekisui America Corp.*, 79 F.Supp.2d 1089 (E.D. Mo. 1999).

## ARGUMENT

### I. Defendant Failed to Follow Rule 2.03 of the Local Rules of This Court

Local Rule 2.03 is directly on point and reads as follows: "A party commencing a civil case with a notice of removal <u>shall</u> … comply with Local Rule 2.02." Local Rule 2.02(A) states: "Every complaint or other document commencing a civil case <u>shall be accompanied by</u> … <u>a Disclosure of Corporation Interests Certificate</u>." (Emphasis added.)

"Removal is a statutory privilege, rather than a right, and the removing party must comply with the procedural requirements mandated in the statute when desirous of availing the privilege."    Adams v. Charter Communications VII, LLC, 356 F. Supp. 2d 1268, 1271 (M.D. 2005).  "After a case has been removed from state to federal court, the non-removing party may move for remand . . . . on the grounds that the removing party has failed to comply with the statutory requirements for removal."  Id.  Section 1447(c) of Title 28 of the United States Code authorizes remand if a "procedural defect in the removal of the case" exists.

Here, Defendant's Notice of Removal does not comply with the Court's procedural requirements because it was not accompanied by a Disclosure of Corporation Interests Certificate. Defendant failed to follow this Court's procedural rules for a party commencing a civil case with a notice of removal. This failure, alone, should compel remand as it was necessary to commence a civil case with a notice of removal in this Court.

### II. Defendant Failed to Follow Rule 2.09 of the Local Rules of This Court

This Court requires every non-governmental corporate party in a civil case to file a Disclosure of Corporation Interests Certificate provided by and available from the Clerk of Court "with the party's first pleading or entry of appearance" in accordance with Local Rule 2.09.

Here, Defendant's first pleading and entry of appearance were both filed on May 2, 2014, at which time Defendant did not file a Disclosure of Corporation Interests Certificate. Therefore, Defendant failed to follow this Court's rules when removing this case to this Court. Even ignoring the fact that this failure to follow one of the Court's rules is in addition to failing to follow another one of this Court's rules, this rule's requirement was a necessary part of Defendant's first pleading, its petition for removal, and therefore this failure compels remand.

### III. Defendant Failed to Follow Rule 7.1 of the Federal Rules of Civil Procedure

Rule 7.1(a) of the Federal Rules of Civil Procedure requires a non-governmental corporate party to file a disclosure statement that identifies any parent corporation and any publicly held corporation owning 10% or more of its stock, or, if applicable, that states that there is no such corporation. Rule 7.1(b) mandates that this disclosure statement be filed "with its first appearance, pleading, petition, motion, response, or other request addressed to the court."

Here, the first time that Defendant addressed this Court was when it filed its petition to remove this case. Rule 7.1(a) expressly requires that Defendant "must" make this filing. This language is not discretionary but mandatory. Therefore, Defendant failed to follow the Federal Rules of Civil Procedure in filing its petition for removal. As with its multiple failures in following this Court's rules, this single failure to follow the federal rules compels remand.

### IV. Defendant's Failure to Follow Local and Federal Rules Makes Its Removal Untimely

It is now well-settled that the statutory time limit for removal petitions is not jurisdictional but is merely a formal and modal requirement for transferring to the federal court a civil action of which the court would have had original jurisdiction. *Stewart v. Mayberry* (E.D. Mo. 6-18-2009) *citing St. Louis Home Insulators v. Burroughs Corp.*, 597 F. Supp. 98, 99 (E.D. Mo. 1984). "Nevertheless, the time limit is mandatory and a timely objection to a late petition for removal <u>will</u> result in remand." *Id*. (Emphasis added.)

For this removal petition to have been filed on time, its filing would have needed to be proper. Here, no proper removal petition was filed as it was not accompanied with Disclosure of Corporation Interests Certificate as required by the Local Rules and the Federal Rules of Civil Procedure. This is a mandatory standard operating procedure that attorneys follow when removing cases to this Court, and it was necessary to remove this case to federal court. This procedure was not followed, and therefore Defendant failed to meet the mandatory time limit. At best, Defendant can be said to have filed its petition for removal 11 days late. Given that this objection to Defendant's late petition for removal is timely, remand must result.

## CONCLUSION

WHEREFORE, Plaintiff requests that the Court grant its Motion to Remand in all respects and remand this action to the Eleventh Judicial Circuit, together with all such further relief as the Court deems just and proper.

**ORDER**

This Court concludes that Defendant has not properly complied with the Local Rules of the United States District Court for the Eastern District of Missouri and the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Eleventh Judicial Circuit, St. Charles County, Missouri,

SO ORDERED:_____

Judge:

Respectfully submitted,

FLESNER WENTZEL LLC

/s/ Erika Wentzel

Erika Wentzel (64231MO)
820 South Main Street, Suite 200
St. Charles, MO 63301
Phone: 636-442-4529
Fax: 636-410-7705

erika@flesnerwentzel.com

**Attorney for Plaintiff**

**CERTIFICATE OF SERVICE**

A copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on this 31st day of May, 2014 upon the following: Ms. Kimberly Yates, 211 North Broadway, Suite 1500, St. Louis, MO 63102.

_____