# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| Carla Cannon ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No:   4:14-CV-848 |
| vs. ) | |
| ) | |
| SSM Health Care ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Carla Cannon, by and through her attorney, and for her Memorandum of Law in Opposition to Defendant's Motion to Dismiss Counts V, VI, and VII of Plaintif's Petition, states as follows:

## STANDARD OF REVIEW

For purposes of a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), the motion itself assumes all legal facts alleged *are* true. *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 562 (2007). Such a motion only addresses a purely legal question: whether, if the Plaintiff proves the allegations in the complaint, the Plaintiff will have established a cause of action entitling the Plaintiff to some form of relief from the court. *Id*.

Dismissal of a cause of action for failure to state a claim is a drastic measure. If this Court dismisses any of Plaintiff's Counts, Plaintiff will never have the opportunity to secure appropriate relief or demonstrate the severity of her legally cognizable injury, as Plaintiff will be

barred from gathering evidence through the discovery process and presenting her case to a jury. Consequently, courts give every benefit of the doubt to the Plaintiff in deciding such a motion. *Unverth v, City of Florissant*, 419 S.W.3d 76, 86 (Mo. Ct. App. 2013). The court may not consider the likelihood that the Plaintiff will be able to prove her factual allegations; it must assume for purposes of deciding the motion that the Plaintiff will prove them. *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). A petition cannot be dismissed for failure to state a claim unless it appears that the Plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Nisbet v. Bucher*, 949 S.W.2d 111, 113 (Mo. App. E.D. 1997).

In considering this Motion, the pleadings must be liberally construed in favor of sustaining the complaint. *State ex re. Doe Run Resources Corp. v. Neill*, 128 S.W.3d 502, 505 (Mo. 2004). Thus, if the allegations in the complaint are susceptible of two constructions, one of which would support relief while the other would not, the court must construe the complaint in favor of the pleader.

## I. COUNT V – WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

### A. DEFENDANT IS ASSERTING A LEGAL RIGHT

In Defendant's Motion to Dismiss Count V, Defendant inaccurately summarizes the "narrow public policy exception" to at-will employment. Defendant outlines these two narrow exceptions on page three of Defendant's Memorandum in Support, stating that the two exceptions are: (1) where an employee refuses to violate the law; or (2) where the employee reports to superiors or public authorities for serious misconduct. However, while Missouri courts occasionally have even gone so far as to assert that there are as many as four scenarios

where the public policy exception applies as per *Hughes v. Bodine Aluminum, Inc.*, 328 S.W.3d 353, 355 (Mo. App. E.D., 2011), Missouri generally recognizes *three* scenarios where the public policy exception to at-will employment is applicable.  Generally, the exception has been applied in cases involving employees fired for: (1) declining to violate a statute; (2) reporting violations of the law by employers or fellow employees; or (3) <u>asserting a legal right</u>.  *Callantine v. Staff Builders, Inc.*, 271 F.3d 1124, 1130 (8th Cir. 2001).

Defendant argues that because Plaintiff has not alleged that she refused to violate the law or any mandate of public policy, nor that she reported wrongdoing or violations of the law to superiors or public authorities, that the exception is inapplicable.  However, Defendant fails to acknowledge that asserting a legal right is part of the public policy exception.  Here, Plaintiff is indeed asserting her legal right to exercise her duly authorized leave under the Family Medical Leave Act (hereinafter "FMLA"), her legal rights under the Missouri Human Rights Act (hereinafter "MHRA"), and her right to reasonable accommodations under the Americans with Disabilities Act ("ADA").

### B.  STATUTORY REMEDY DOES NOT ALWAYS PREEMPT PUBLIC POLICY REMEDY

Defendant states that where a statutory remedy exists, Missouri courts do not recognize a separate claim for wrongful discharge in violation of public policy for the same allegedly unlawful misconduct.  However, this is not always the case.  In *Huang*, the court, in responding to the defendant's motion to dismiss the plaintiff's public policy complaint, stated that the Missouri public policy exception to the employment at-will doctrine was not preempted by the Fair Labor Standards Act (hereinafter "FLSA"), an entirely separate statutory remedy. *Huang v. Gateway Hotel Holdings*, 520 F.Supp.2d 1137 (E.D. Mo 2007).  The court reasoned that the

remedies available under the FLSA did not fully comprehend and envelope those remedies available under the Missouri public policy exception and, as such, were not mutually exclusive. *Id*. at 1142.

Nowhere in Defendant's Memorandum does Defendant indicate that remedies under the FMLA, ADA, and MHRA fully comprehend and envelope those available under the Missouri public policy exception. Thus, Defendant's assertion that the statutory remedies sought by Plaintiff preempt the Missouri public policy exception is not warranted.

### C.  CONCLUSION

Defendant's assertion that Count V of Plaintiff's Petition does not fall within the public policy exception to at-will employment is without merit. In Defendant's Memorandum, Defendant cites only two types of scenarios in which this exception applies, when in fact courts generally recognize a third scenario which Defendant wholly omits. Plaintiff's argument fits into this omitted third scenario because she is asserting a legal right under the FMLA, the MHRA, and the ADA, among other laws. In addition, the Missouri public policy exception to the employment at-will doctrine is not always preempted by statutory law. Thus, Count V should not be dismissed.

### II.      COUNT VI – VIOLATION RSMO § 290.140

#### A. THE LAW DOES NOT EXCPLICITLY EXCLUDE ATTORNEYS FROM ACTING AS AN AGENT FOR A DISCHARGED EMPLOYEE

Count VI should not be dismissed because counsel for Plaintiff was acting as an agent for Plaintiff. The issue is whether, under the circumstances, Plaintiff made a sufficient request for a

service letter within the statute.  Defendant asserts that because Plaintiff's service letter request, included as Exhibit B in Plaintiff's Petition, is not signed by Plaintiff herself, said request does not comply with § 290.140.  Nowhere in the statute itself does it state that an attorney may *not* act on behalf of a discharged employee in requesting a service letter.  Furthermore, nowhere in the statute itself does it state that an attorney may *not* act as an *agent* on behalf of a discharged employee for purposes of enforcing her rights under the statute.

In addition, the Preamble to the Missouri Rules of Professional Conduct states in pertinent part: "As a representative of clients, a lawyer performs various functions… as an advocate, a lawyer <u>zealously asserts the client's position under the rules of the adversary system</u>…" Such language demonstrates a basic principal-agent relationship between counsel and client.  Pursuant to the aforementioned preamble, counsel for Plaintiff was asserting Plaintiff's position under an adversary system by sending the letter on behalf of Plaintiff, acting as an agent on behalf of and at the direction of the principal, Carla Cannon.

### B.  COURTS ARE FLEXIBLE IN FINDING REQUESTS ARE VALID

There is no special "service letter form" defined in the law, leaving people to their own devices to interpret the law and to determine how the letter should be drafted.  Courts have been flexible in finding that requests are acceptable despite variation in the format of said request.

In *Worth v. Monsanto Co.*, 680 S.W.2d 379 (Mo. Ct. App. 1984), the plaintiff, Worth, who was discharged by Monsanto, wrote to the Director of Monsanto personnel and requested "Please send me my service record with Monsanto." *Worth v. Monsanto Co.*, 680 S.W.2d 379, 380 (Mo. Ct. App. 1984).  She followed up with a second letter dated August 17, stating, "I called Chris Herrington, Friday Aug. 10 and he told me my S359 was filled out in St. Louis, would you please send me a copy." *Id*.  Worth did not receive an answer to either letter. *Id*.

Worth sued Monsanto pursuant to § 290.140. *Id*. Monsanto alleged that Worth failed to make a sufficient service letter request. *Id* at 381. Monsanto filed a motion for summary judgment, arguing that the request was not sufficient within the terms of the statute. *Id*. Said motion was granted, and Worth appealed. *Id*. Contrary to Monsanto's assertion, the appeals court was unable to conclude that Worth failed to make a sufficient request pursuant to the statute, and that the question of whether she made a valid request should be considered by a trier of fact. *Id*.

While the facts in *Worth* are not substantially similar to Plaintiff's circumstances, the rule from *Worth* is applicable. Specifically, courts have ruled that what constitutes a valid service letter request is open to interpretation, and that whether one has made a sufficient request should be considered by a trier of fact. *Worth v. Monsanto Co.*, 680 S.W.2d 379, 381 (Mo. Ct. App. 1984). Although the letter in Plaintiff's case was not signed by Plaintiff, the letter otherwise conforms to the statute in that it specifically references the statute, was requested in writing, sent via certified mail, and requested a letter stating the type of work Plaintiff performed, the dates of her employment, and "truly stating for what cause, if any, such employee was discharged or voluntarily quit such service."

### C.  PUBLIC POLICY FAVORS VALIDATION OF PLAINTIFFS LETTER

The purpose of the service letter law is to assist discharged employees in seeking gainful employment. *Ball v. American Greetings Corp.*, 752 S.W.2d 814, 820 (Mo. Ct. App. 1988). To accept Defendant's narrow construction of the law (the supposed failure to satisfy a technicality that is not mandated by the statute) would defeat the entire purpose of the statute. By receiving a service letter, discharged employees increase their chances at securing a job and re-entering the workforce. The statute of limitations to make a request under the § 290.140 is one year. The incidents that gave rise to this lawsuit occurred more than one year ago. To invalidate Plaintiff's

letter request would mean she would be barred by the statute of limitations from receiving said letter, which would adversely affect Plaintiff's future employment prospects.

### D.  CONCLUSION

Count VI of Plaintiff's Petition should not be dismissed because nowhere in § 290.140 does it state that an attorney may not act as an agent on behalf of a discharged employee. Further, courts have been flexible in finding requests acceptable, despite variation in the format of said request.  Finally, public policy favors validation of Plaintiff's letter.

### III.     COUNT VII – DEFAMATION

#### A.  PLAINTIFF'S COUNT VII FOR DEFAMATION IS MORE THAN MERE RECITATION OF LEGAL ELEMENTS

Defendant filed a Motion to Dismiss Count VII of this action for failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(6).  Defendant's Memorandum in support of the Motion to Dismiss argues that Count VII is "nothing more than a mere recitation of legal elements without any facts to support her claim."

Contrary to Defendant's argument, Plaintiff's Petition does state facts that support her claim for defamation.  Specifically, paragraph 109 of Plaintiff's Petition states, "Since Plaintiff's termination, on multiple occasions Plaintiff received a call back from a job application, was scheduled to interview for the job, and was called prior to the interview and told the position was no longer available, despite advertisements by such companies that the position is still open." Contrary to Defendant's Memorandum, this is in fact more than a mere recitation of legal elements.  As already stated in *Nisbet*, a petition cannot be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief.  *Nisbet v. Bucher*, 949 S.W.2d 111, 113 (Mo. App. E.D. 1997).  Here,

Plaintiff provides a copious amount of facts throughout all 114 paragraphs of Plaintiff's Petition and makes numerous allegations with regard to suspect denial to interview for jobs on multiple occasions. Plaintiff contends that these are all a set of facts that, upon further discovery, will substantiate Plaintiff's defamation claim.

### B.  COUNT VII ESTABLISHES A CAUSE OF ACTION FOR WHICH RELIEF MAY BE GRANTED

As already stated, the Motion before this Court only addresses whether, if the Plaintiff proves the allegations in the complaint, the Plaintiff will have established a cause of action entitling her to some form of relief from the court. To prevail under 12(b)(6), one must prove that the Petition in question: 1) fails to *state a claim*; 2) upon which *relief may be granted* (i.e. even if Plaintiff's allegations are taken as true, relief could not be granted).

Defendant merely asserts that Plaintiff has yet to prove any facts validating Count VII of Plaintiff's Petition. Nowhere in Defendant's Memorandum does Defendant state that defamation is not a proscribed claim or cause of action under current law. Nowhere does Defendant state that no relief can be granted for defamation. Finally, nowhere does Defendant allege that the complaint is defective because Plaintiff has failed to allege the necessary elements of a claim that, if properly plead, would state a sufficient claim. To the contrary, defamation is a common law cause of action and is a recognized claim under Missouri law upon which relief may be granted. *Missouri ex rel. BP Prods. N. Am. Inc. v. Ross* 163 S.W.3d 922, 929 (Mo. 2005).

Defendant further alleges that Count VII should be dismissed because the pleadings are not specific enough. Specifically, Defendant states that "there are no facts (in Plaintiff's initial Petition) detailing what was said, who made the statements, when the statements were made, and who the statements were made to." This is not accurate. Plaintiff's Petition specifically states in paragraph five that "any act of Defendant…include(s) the acts of its respective employees,

agents, or their representatives…" Further, the Petition goes on to name multiple individuals who are suspect in Count VII, including Heather Perry and Michelle Schaefer. In addition, Plaintiff states in paragraph 109 specific and suspect circumstances that give rise to Count VII.

### C. REASONABLE INFERENCES MAY BE MADE

A motion to dismiss for failure to state a cause of action is solely a test of adequacy of Plaintiff's Petition, and it assumes that all of Plaintiff's averments are true and liberally grants Plaintiff all reasonable inferences therefrom. *Sullivan v. Carlisle*, 851 S.W.2d 510, 512 (Mo. banc 1993). An inference is reasonable if it is drawn from evidence without resort to speculation. *Caudil v. Farmland Industries*, 919 F.2d 83, 86 (8th Cir, 1990).

Here, Plaintiff's Petition indicates that, subsequent to her termination, Plaintiff struggled to find gainful employment. On multiple occasions, Plaintiff received a call back from a job application, was scheduled to interview for the job, and was called prior to the interview and told the position was no longer available, despite advertisements by such companies that the position was still open. Plaintiff further alleges in Plaintiff's Petition that she received vindictive and unduly harsh treatment by Defendant, including, but not limited to, Heather Perry and Michelle Schaefer. Plaintiff is an experienced and otherwise qualified nurse. Such evidence can be used to reasonably infer that, in light of Plaintiff's termination, defamatory statements of or concerning Plaintiff were made, which adversely affected her ability to find suitable employment.

### D. CONCLUSION

To dismiss Count VII of Plaintiff's Petition at this stage is premature. Doing so would deny Plaintiff the opportunity to gather evidence through the discovery process that might

demonstrate that Plaintiff has suffered a legally cognizable injury.  Defamation is a legally recognized cause of action upon which relief can be granted, and Plaintiff has plead sufficient facts to show Defendant in fact perpetrated defamation.  Finally, Plaintiff is entitled to this reasonable inference, and as such, Count VII should not be dismissed.

### IV.    CONCLUSION

In conclusion, it would be inappropriate and premature to dismiss Counts V, VI, and VII of Plaintiff's Petition at this time.  In entertaining such a drastic measure as dismissal, this Court would not allow Plaintiff to secure evidence that would ascertain and illustrate the severity of Plaintiff's legally cognizable injury.  Furthermore, a ruling against Plaintiff on any of these counts would cause Plaintiff to suffer substantial injustice as it would not allow Plaintiff to present her case before a jury and would forever bar Plaintiff from contesting these counts against Defendant.

Respectfully submitted,

FLESNER WENTZEL LLC

/s/ Erika Wentzel
Erika Wentzel #64231
Attorney for Plaintiff
820 South Main Street, Suite 200
St. Charles, MO 63301
Phone: 636-442-4529
Fax: 636-410-7705
erika@flesnerwentzel.com

**CERTIFICATE OF SERVICE**

A copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on this 7th day of June, 2014 upon the following: Ms. Kimberly Yates, 211 North Broadway, Suite 1500, St. Louis, MO 63102.

/s/ Erika Wentzel