IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **CARLA CANNON,** | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Cause No.: 4:14-CV-848 ) ) |
| **SSM HEALTH CARE,** | ) ) |
| Defendant. | ) ) ) ) |

### DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS V, VI, AND VII OF PLAINTIFF'S PETITION

Plaintiff's Memorandum Of Law In Opposition to Defendant's Motion To Dismiss ("Opposition") does not present credible arguments that entitle her to proceed with the claims of wrongful termination, violation of Missouri Service Letter Statute, and defamation she brought in her Petition. For the reasons discussed below, her Opposition is unavailing and SSM's Motion to Dismiss Counts V, VI, and VII should be granted.

### ARGUMENT

**A.    Plaintiff's Wrongful Termination Claim Is Preempted.**

As set forth fully in SSM's Motion and supporting memorandum, Plaintiff may not state a claim for wrongful termination in violation of public policy based on the same allegations that form the basis of her disability discrimination and FMLA claims. Plaintiff attempts to skirt around this issue in her responsive brief, but the fact remains that where a statutory remedy exists, Missouri courts do not recognize a separate claim for wrongful discharge in violation of public policy for the same allegedly unlawful conduct. *Kramer v. St. Louis Reg'l Health Care Corp.*, 758 F. Supp. 1317, 1318-19 (E.D. Mo. 1991). Plaintiff argues that statutory remedies do

not always preempt the public policy exception.[1]  While this may be correct for some federal statutes, it is well-settled that statutory remedies for the discrimination and FMLA claims Plaintiff asserts preempt the Missouri public policy exception.  Plaintiff has not, and cannot, present any legal authority holding that she is allowed to maintain claims under the Missouri Human Rights Act, Americans with Disabilities Act, and Family Medical Leave Act, in addition to a common law wrongful termination claim.[2]  To the contrary, legal authority supports dismissal of these claims.  Missouri courts have consistently ruled that allowing common law tort claims for the violation of rights pursuant to state and federal discrimination statutes and the FMLA is not consistent with the purpose of those statutes.  *See Jackson v. Windsor Republic Doors*, No. 05-3254-CV-5-DW, 2007 U.S. Dist. LEXIS 20977, at *10-11 (W.D. Mo. Mar. 23, 2007) (granting judgment for employer on public policy claim because the MHRA and Title VII preempt claims for wrongful discharge based on violation of public policy); *Kramer*, 758 F. Supp. at 1318-19 (dismissing plaintiff's wrongful discharge claim, because it was duplicative of MHRA claim, calling public policy claim "duplicative and unwarranted"); *Osborn v. Prof'l Serv. Indus., Inc.*, 872 F. Supp. 679, 681-82 (W.D. Mo. 1994) (holding that MHRA preempted wrongful discharge claim, where employee was terminated on basis of a protected category); *Anderson v. Shade Trees Servs. Co.*, No. 4:12CV01066, 2012 U.S. Dist. LEXIS 113009, * 3-5 (E.D. Mo. April 10, 2012) (holding that Congress intended to make the FMLA the exclusive

---

[1] In her response, Plaintiff also asserts that her wrongful termination claims falls under the exception that allows an employee to bring a claim if she is terminated for "asserting a legal right."  However, this exception relates only to terminations for employees who have participated in acts encouraged by public policy, such as jury duty, seeking an elected office, or joining a union.  *O'Neill v. Major Brands, Inc.*, No. 4:06CV0141, 2006 U.S. Dist. LEXIS 27537, at *4 (E.D. Mo. April 26, 2006).  It has never been recognized for an employee asserting her rights under discrimination statutes or the FMLA.

[2] Her analogy to a Fair Labor Standards Act claim is unavailing.  In the *Haung v. Gateway Hotel Holdings* case relied upon by Plaintiff, the Court was clear that its analysis only related to claims brought under the FLSA.  520 D. Supp. 2d 1137, 1142 (E.D. Mo. 2007).  The Court specifically analyzed the language of the statute to determine that neither express nor implied preemption was present under the FLSA.  As noted *supra*, Missouri courts have come to the exact opposite conclusion when analyzing cases brought under state and federal discrimination law and the FMLA.  In these cases, courts have held that language in those statutes preempts common law tort claims.

remedy available for violations of the FMLA); *O'Neill v. Major Brands, Inc.*, No. 4:06CV0141, 2006 U.S. Dist. LEXIS 27537, at *6 (E.D. Mo. April 26, 2006) ("It would be anomalous to allow a plaintiff to bypass the limitations Congress places on remedies for FMLA violations by permitting a common law tort claim to proceed premised solely on an FMLA violation). Plaintiff's claim for wrongful discharge under Count VI of her Petition fails for the same reason and should be dismissed as a matter of law.

**B.      Plaintiff's Service Letter Request Failed To Comply With Statutory Requirements.**

Likewise, Plaintiff's claim under Missouri's service letter statute, RSMO § 290.140 must be dismissed.  Plaintiff's argument in defense of this claim again ignores the established legal authority on this issue.  Plaintiff attempts to stretch the holding in *Worth v. Monsanto*, 680 S.W.2d 379, 381 (Mo. Ct. App. 1984) to reach the facts presented here.  In *Worth*, the plaintiff submitted a letter to Monsanto requesting her "service letter with Monsanto," Monsanto prevailed with a summary judgment motion challenging the statutory sufficiency of the letter, and the Missouri Court of appeals overturned the trial court, finding that whether that particular letter satisfied the statute was a question of fact.  Plaintiff acknowledges that these facts "are not substantially similar to [her] circumstances."  Specifically, *Worth's* letter originated from the plaintiff, whereas the letter underlying Count IV was not sent by Plaintiff.  Rather, it was sent by her attorney.  Plaintiff feebly asserts that *Worth* stands for the proposition that "what constitutes a valid service letter request is open to interpretation."  The Eighth Circuit plainly disagrees with her.  In *Zeman v. V.F. Factory Outlet, Inc.*, 911 F.2d 107, 108 (8th Cir. 1990) (decided six years after *Worth*) the Court specifically held that "because of the penal nature of the Missouri service letter statute and the Missouri Supreme Court's strict construction," a letter signed only by an attorney and not the employee is not a valid service letter request.  *Id.*  Plaintiff's service request

3

likewise fails in very same way to comply with statutory requirements, and thus *Zeman* calls for Count VI of her Petition to be dismissed as a matter of law.

**C.      Plaintiff Fails To Allege Facts Sufficient To Support A Defamation Claim.**

Plaintiff likewise presents no valid basis to deny SSM's motion to dismiss her defamation claim.  The issue presented on Plaintiff's Count VII is simply whether the "facts" she alleges are sufficient for her to proceed with a claim of defamation.  Simply put, Plaintiff's defamation claim is based on her conclusion that, since scheduled interviews with potential employers were canceled and she was told by the potential employers that positions were not available while advertisements suggested otherwise, SSM is thus liable for defaming her.  Plaintiff makes the incredulous leap from third parties canceling employment interviews to blaming SSM for their cancelation.  She does not even allege that anyone from SSM said or did anything defamatory that resulted in their cancelation.  It is clear that Plaintiff's defamation claim is based on nothing more than conjecture.  As argued in SSM's initial brief, this is the exact type of pleading prohibited by the Supreme Court.  In fact, the Supreme Court's *Iqbal* ruling explicitly provides a "court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Even in her response, Plaintiff admits that "an inference is reasonable if it is drawn from evidence ***without resort to speculation***." *Caudil v. Farmland Indus.*, 919 F.2d 83, 86 (8th Cir. 1990) (emphasis added).   *See* Plaintiff's Opposition to Defendant's Motion to Dismiss.  Plaintiff's alleged defamation is purely speculative.  She alleges vaguely that, "upon information and belief," Defendant made false, derogatory statements to prospective employers.  However, Plaintiff cannot identify a single defamatory statement allegedly made, which is fatal to her

4

claim.  Under Missouri law, in order for a defamation claim to survive a motion to dismiss, the court must determine that the alleged statement is capable of having a defamatory meaning. *Castle Rock Remodeling, LLC v. Better Bus. Bureau of Greater St. Louis, Inc.*, 354 S.W.3d 234, (Mo. Ct. App. 2011).  Here, the Court could not possibly make this assessment when the content of the defamatory statement has not even been alleged.

Plaintiff alleges no legitimate facts to support her allegation that SSM employees defamed her and she makes no argument in her opposition that she can offer more than guesswork to support her claim.  The law on this matter is well-settled – "a complaint [does not] suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. 678 (internal citations omitted). As such, Plaintiff's claim in Count VII of her Petition must be dismissed as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Count V, VI, and VII in its entirety and grant all other and further relief the Court deems just and equitable.

    Respectfully submitted,

/s/ Kimberly A. Yates
Kimberly A. Yates #49879MO
Latieke M. Lyles #60981MO
LITTLER MENDELSON, P.C.
One Metropolitan Square
211 North Broadway, Suite 1500
St. Louis, MO  63102
Telephone: 314.659.2000
Facsimile: 314.659.2099
kyates@littler.com
llyles@littler.com

Attorneys for Defendant SSM Health Care

5

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on this 16th day of June, 2014 upon the following:  Ms. Erika Wentzel, 820 South Main Street, Suite 200, St. Charles, MO 63301.

/s/ Kimberly A. Yates

Firmwide:127423901.2 079538.1002