UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLA CANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14CV848 CDP |
| ) | |
| SSM HEALTH CARE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

In November 2012, Plaintiff Carla Cannon was employed by SSM Health Care[1] when she applied and was approved for intermittent leave under the Family Medical Leave Act because of complications from gallbladder surgery. In February 2013, Cannon was discharged from her employment with the defendant. Cannon has now filed this lawsuit asserting a total of seven claims against SSM Health.

This action is before me now on SSM Health's partial motion to dismiss three of Cannon's seven claims as well as its motion to strike Cannon's response in opposition to the motion to dismiss. SSM Health has moved to dismiss Cannon's claims for wrongful discharge; violation of Missouri's service letter statute, Mo.

---

[1] Plaintiff has named "SSM Health Care" as the defendant in this matter, but "SSM Health Care St. Louis" claims it is the proper defendant and was improperly named in the Complaint.

Rev. Stat. § 290.140; and defamation.  Because I find that Cannon has failed to allege the correct elements of a wrongful discharge claim, failed to properly request a service letter under Mo. Rev. Stat. § 290.140, and stated insufficient facts in support of a claim for defamation, I will grant the defendant's partial motion to dismiss.  Because I find that the delay in Cannon's response was not intentional and caused no prejudice to SSM Health, I will deny the motion to strike.

**I.     SSM Health's Motion to Strike**

I will first address defendant's motion to strike plaintiff's response in opposition to the motion to dismiss.  Plaintiff Cannon filed her response in opposition to the defendant's motion to dismiss nearly three weeks late, without receiving an extension or leave from this Court.  In its motion to strike, SSM Health asks the court to strike plaintiff Cannon's opposition for failure to adhere to the Court's procedural rules and grant SSM Health's motion to dismiss as unopposed.  Cannon responds that the motion to strike should be denied because her delay in filing was the result of excusable neglect in that she believed she was filing in a timely manner.

Because dismissal with prejudice is an extreme sanction, it is only to be used in cases of willful disobedience of a court order or where a party exhibits a pattern of intentional delay.  *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997); *see also SMA Irrevocable Trust v. R. Capital Advisors, LLC*, No.

4:11CV00697 ERW, 2012 WL 5194332, at *4 (E.D. Mo. Oct 19, 2012) (granting a motion to strike and for dismissal where there was "ample evidence" that that defendant's delay was deliberate).  I find that Cannon's delay in this instance was accidental and that she has not demonstrated any ongoing pattern of deliberate delay.  For this reason, and because I find no resulting prejudice to SSM Health, I will deny SSM Health's motion to strike.

## II.     Motion to Dismiss Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  When considering a 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff.  *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

Rule 8(a)(2), Fed. R. Civ. P., provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified that Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face."  *Twombly*, 550 U.S. at 570.  The issue in considering such a motion is not whether the plaintiff will ultimately

prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Neitzke*, 490 U.S. at 327.

### III.  Background[2]

After undergoing gall bladder surgery in October, 2012, plaintiff Cannon experienced post-operative complications including intermittent episodes of abdominal pain, nausea and vomiting that impeded her ability to work. Because of these complications, she was approved for intermittent FMLA leave by SSM Health in November 2012.

On January 13, 2013, Cannon arrived at work feeling ill and asked to take FMLA leave for the day but was told that if she left she would be terminated. Because she was particularly fatigued, Cannon closed her eyes for a few seconds at the nurses' station during her shift but did not fall asleep. On February 7, 2013, Cannon was discharged by SSM Health. In a letter to Cannon regarding her discharge, Cannon's supervisor seemed to indicate that Cannon was being discharged for a combination of sleeping on the job, wearing a blanket while at work, and failing to wear a department tracker.

After her discharge, Cannon spoke with an attorney (not her counsel in this action) regarding her termination. In a letter dated March 6, 2013, and addressed

---

[2] The facts contained herein are taken from the allegations set out in Cannon's complaint. They are considered true for the purpose of this Memorandum and Order. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

to SSM Health Care, Cannon's attorney asked that SSM Health provide a letter, under Mo. Rev. Stat. § 290.140, stating the type of work Cannon performed for SSM Health, the dates of her employment, and the cause of her discharge.  The letter indicated that the attorney had been retained to represent Cannon with respect to her termination.  The letter was signed by the attorney but not by Cannon, and it asked that SSM Health send the "termination letter," and any other communications regarding Cannon, directly to the attorney.  As of the date that Cannon's complaint in this matter was filed, neither Cannon nor her attorney had received a response to this letter.

Finally, since her discharge, Cannon has been scheduled for multiple job interviews, prior to which each interviewing company has called and told her, allegedly falsely, that the position she was supposed to interview for is no longer available.  It is Cannon's belief that in these instances, SSM Health or its agents communicated with Cannon's prospective employers and made false statements about her that caused her not to be hired.

Cannon has asserted seven claims against SSM Health.  They are: Count I – Violation of Family Medical Leave Act (Interference); Count II – Violation of Family Medical Leave Act (Retaliation); Count III – Violation of the Americans with Disabilities Act; Count IV – Violation of the Human Rights Act; Count V – Wrongful Discharge in Violation of Public Policy; Count VI – Violation of RSMO

§ 290.140; and Count VII – Defamation.  SSM Health's motion seeks dismissal of Counts V, VI and VII.

**VI.     Discussion**

    **A.     Count V – Wrongful Discharge in Violation of Public Policy**

SSM Health argues that Cannon's wrongful discharge claim must be dismissed on two grounds.  First, SSM Health asserts that Cannon has failed to properly allege the legal elements or plead sufficient supporting facts for a wrongful discharge claim.  SSM Health avers that under Missouri law, in order to state a claim for wrongful discharge, Cannon was required to allege that she was discharged either (1) because she refused to violate the law or any well established and clear mandate of public policy, or (2) because she reported to her superiors or to public authorities serious misconduct that constitutes violations of the law or of well-established and clearly mandated public policy.  Because Cannon alleged neither of these two scenarios or any facts that would support these elements, SSM Health argues Cannon's wrongful discharge claim should be dismissed.

Second, SSM Health asserts that where there is a statutory remedy for a claim, Missouri courts do not recognize a common law wrongful discharge claim based on the same unlawful conduct.  Therefore, because statutory remedies exist under the FMLA, ADA, and MHRA to address Cannon's improper termination,

SSM Health claims Missouri law does not recognize her common law claim for wrongful discharge.

In response to SSM Health's first point, Cannon argues that the defendant has inaccurately stated the law as to wrongful discharge. She claims that Missouri courts also recognize a third scenario in which an at-will employee is permitted to bring a wrongful discharge claim—where an employee has been fired for asserting a legal right. Here, Cannon argues she was fired because she "assert[ed] her legal right to exercise her duly authorized leave under the [FMLA], her legal rights under the [MHRA], and her right to reasonable accommodations under the [ADA]." As to SSM Health's second point, Cannon claims that statutory remedies do not preempt a wrongful discharge claim unless the statutory remedies "fully comprehend and envelop those remedies available under the Missouri public policy exception." Cannon avers that because SSM Health has failed to show that the statutory remedies available under the FMLA, ADA, and MHRA comprehend and envelop the remedies available to Cannon under a common law wrongful discharge claim, her claim should not be dismissed.

For at-will employees in Missouri, a common law wrongful discharge claim is considered the "public-policy exception to the at-will employment doctrine." *Fleshner v. Pepose Vision Institute, P.C.*, 304 S.W.3d 81, 92 (Mo. 2010) (en banc). Generally, an at-will employee may be discharged at any time, with or without

cause. *Id*. Under the public policy exception, however, an at-will employee may not be terminated "(1) for refusing to violate the law or any well-established and clear mandate of public policy as expressed in the constitution, statutes, regulations promulgated pursuant to statute, or rules created by a governmental body or (2) for reporting wrongdoing or violations of law to superiors or public authorities." *Fleshner*, 304 S.W.3d at 92; *see also Margiotta v. Christian Hosp. Northeast Northwest,* 315 S.W.3d 342, 346 (Mo. 2010) (en banc), *Frevert v. Ford Motor Co.*, 614 F.3d 466, 471 (8th Cir. 2010), and Mo. Approved Jury Instr. (Civil) 38.03 n. 1 (7th ed).

When an employee is terminated under either of these circumstances, Missouri courts have held that she has a cause of action in tort for wrongful discharge based on the public-policy exception. *See Fleshner,* 304 S.W.3d at 92. Therefore, in order to properly plead a claim of wrongful discharge in violation of public policy under Missouri law, a plaintiff must allege that (1) she refused to violate the law or a well-established and clear mandate of public policy, or reported such a violation to a superior or public authority; (2) the defendant terminated her employment; and (3) there is a causal connection between her discharge and her refusal or report. *See Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 103 (Mo. 2010) and *Custom Hardware Eng'g & Consulting, Inc. v. Dowell,* No. 4:10cv653 ERW, 2011 WL 1743662, at *9 (E.D. Mo. May 5, 2011).

Cannon's argument that Missouri recognizes a third scenario in which a wrongful discharge cause of action arises is not well taken.  In support of her argument, Cannon cites to *Callantine v. Staff Builders, Inc.*, 271 F.3d 1124 (8th Cir. 2001).  In *Callantine*, the 8th Circuit determined that the public policy exception had been applied in cases involving employees fired for (a) declining to violate a statute, (b) reporting violations of the law by employers of fellow employees, or (c) asserting a legal right. *Id*. at 1130.  Although Cannon is correct as to *Callantine*'s holding, that case was decided nine years before the Missouri Supreme Court in *Fleshner* first expressly recognized and delineated the contours of a common law wrongful discharge claim based on the public policy exception.  *See Fleshner*, 304 S.W.3d at 91-92 (noting that the Missouri Supreme Court had never before explicitly acknowledged the existence of a public policy exception).  The law as stated in *Fleshner* is the current law for the state of Missouri, and it is *Fleshner* that I must follow here.

In light of the foregoing, Cannon has failed to state a claim for wrongful discharge because at no point in her complaint does she assert that she was terminated for refusing to perform an illegal act or reporting wrongdoing or violations of law to superiors or third parties.  In fact, in Count V, Cannon explicitly claims that SSM Health terminated her "for having had a disability for which she sought and was approved for family medical leave."

Because SSM Health's first ground for dismissal of Count V is sufficient, I need not address the validity of its second ground.  SSM Health's motion to dismiss Count V is granted and Cannon's "Count V – Wrongful Discharge in Violation of Public Policy" is dismissed.

### B.    Count VI – Violation of Mo. Rev. Stat. § 290.140

SSM Health next asserts that Cannon's Count VI, alleging a violation of Missouri's "service letter statute," found at Mo. Rev. Stat. § 290.140, should be dismissed because Cannon failed to meet the statutory prerequisites entitling her to a letter.  Specifically, SSM Health argues the statute requires a service letter request be made by an employee, and Cannon's request was invalid because it was made and signed by Cannon's attorney.  As a result, SSM Health claims it had no legal duty to provide a service letter.

Mo. Rev. Stat. § 290.140 provides:

Whenever any *employee* of any corporation doing business in this state and which employs seven or more employees, who shall have been in the service of said corporation for a period of at least ninety days, shall be discharged or voluntarily quit the service of such corporation and who thereafter within a reasonable period of time, but not later than one year following the date the employee was discharged or voluntarily quit, *requests in writing by certified mail* to the superintendent, manager or registered agent of said corporation, with specific reference to the statute, *it shall be the duty of the superintendent or manager of said corporation to issue to such employee, within forty-five days after the receipt of such request, a letter,* duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee was discharged or voluntarily quit such service.

Mo. Rev. Stat. § 290.140.1 (emphasis added). An employee must meet the statutory prerequisites to be entitled to a service letter and to have a cause of action if the employer fails to provide one. *Labrier v. Anheuser Ford*, 621 S.W.2d 51, 56 (Mo. 1981) (en banc). The Missouri appellate court, the 8th Circuit and this Court have found that the term "employee," as used in this statute, does not include attorneys of employees. *See Bartareau v. Executive Business Products, Inc.*, 846 S.W.2d 248, 249 (Mo. Ct. App. 1993) ("a request for a service letter made by an attorney for an employee does not comply with § 290.140 and does not give rise to any duty by the employer to furnish a service letter"); *Zeman v. V.F. Factory Outlet, Inc.*, 911 F.2d 107, 109 (8th Cir. 1990) (upholding district court's determination that a letter signed only by the employee's attorney and not by the employee is not a valid request for a service letter); and *Grasle v. Jenny Craig Weight Loss Centres*, 167 F.R.D. 406, 413 (E.D. Mo. 1996) ("[d]efendant correctly argues that an employer has no legal obligation to respond to a service letter request sent by an attorney").

Cannon's service letter request is attached to her Petition as Exhibit D. There is no dispute that the request was neither sent from nor signed by Cannon herself. As a result, she failed to meet the statutory prerequisites entitling her to a service letter and SSM had no legal duty to provide such a letter. Therefore, I will

grant SSM Health's motion to dismiss Cannon's "Count VI – Violation of RSMO § 290.140."

## C. Count VII – Defamation

The last question before me is whether Cannon has provided sufficient facts to state a plausible claim for defamation in Count VII of her petition. "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content ... allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Where a court can infer from the factual allegations in a complaint no more than a "mere possibility of misconduct," the complaint must be dismissed. *Id.*

The elements of defamation under Missouri law are 1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) is false, 5) is published with the requisite degree of fault, and 6) damages the plaintiff's reputation. *Fisher v. Wal–Mart Stores, Inc.*, 619 F.3d. 811, 820 (8th Cir.2010), *State ex rel. BP Products North America Inc. v. Ross*, 163 S.W.3d 922, 929 (Mo. 2005) (en banc). Although Cannon's complaint roughly asserts these elements, it alleges no substantive facts to support them.

"Upon information and belief," Cannon claims:

- "[d]efendant or its agents communicated with other prospective employers about Plaintiff;"

- SSM Health "made false statements about Plaintiff to prospective employers;"

- the statements made by SSM Health were derogatory;

- the statements made by SSM Health were made "maliciously with intent to cause Plaintiff not to be hired;" and

- the statements "caused Plaintiff not to be hired."

Not only does Cannon allege nothing regarding the actual substance of SSM Health's purported statements (other than that they were false and derogatory), but she also fails to assert any facts tending to show in what form the statements were made (orally or in writing), when they were made, or to whom they were communicated. Such a complete lack of any facts to support Cannon's defamation claim allows me to infer no more than a "mere possibility of misconduct" by SSM Health, *see Cole*, 599 F.3d at 861, and fails to meet the federal pleading standard. *See King v. Union Station Holdings*, LLC, No. 4:12cv696 SNLJ, 2012 WL 5351598, at *4 (E.D. Mo. Oct. 30, 2012) (holding that plaintiff's defamation claim failed to meet federal pleading standards where she alleged defendant's statements were false and malicious but failed to provide supporting facts).

- 13 -

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion to dismiss counts V, VI, and VII of plaintiff's petition [#9] is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant's motion to strike plaintiff's memorandum of law in opposition to defendant's motion to dismiss [#21] is hereby **DENIED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of July, 2014.